J. L. HUDSON Co. *v.* UNITED STATES

**No. 5454.**—Invoices dated Berlin, Germany, December 5, 1935, etc
Certified December 6, 1935, etc.
Entered at Detroit, Mich., December 16, 1935, etc.
Entry No. 3376, etc.

(Decided October 8, 1941)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: These appeals to reappraisement involve the proper dutiable value of certain Christmas-tree ornaments and glass animals or novelties, fruit picks or cocktail sticks exported from Germany and imported at the port of Detroit, Mich.

The cases have been submitted for decision on a stipulation entered into by and between counsel for the respective parties, wherein it is agreed, in substance, as follows:

(1) That the Christmas-tree ornaments and glass animals or novelties, fruit picks or cocktail sticks in question were exported from Germany during the period from January, 1935, through December, 1936.

(2) That the instant merchandise is similar in all material respects to that which was the subject of the decision in the case of *F. W. Woolworth Co. et al.* v. *United States* (Reap. Dec. 5094).

(3) That the market conditions existing during the period of exportation of the articles in question were similar, if not identical, to the conditions found to be prevailing in the foreign market as described in the *Woolworth Co.* case, *supra.*

(4) That the record in the *Woolworth Co.* case, *supra*, may be incorporated in and made a part of the record in the present cases.

On the agreed facts, as hereinabove set forth, I find that on the dates of exportation of the instant merchandise, Christmas-tree ornaments, such as and similar to those involved herein, were freely offered for sale to all purchasers in the principal market of the country of exportation, to wit, the Sonneberg-Lauscha district of Germany, in the usual wholesale quantities and in the ordinary course of trade for consumption in Germany and for exportation to the United States and other countries. I further find that on the dates of exportation of the instant merchandise, glass animals or novelties, fruit picks or cocktail sticks, such as and similar to those involved herein, were freely offered for sale to all purchasers in the principal market of the country of exportation, to wit, the Sonneberg-Lauscha district of Germany, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States.

Accordingly, I hold as matter of law:

(1) That the proper dutiable foreign and export values of the Christmas-tree ornaments exported prior to January 1, 1938, are the *per se* unit invoice prices, and

(2) That the proper dutiable export values of the glass animals and novelties, fruit picks or cocktail sticks exported prior to January 1, 1938, are the *per se* unit invoice prices, and

As to all the foregoing, plus, when not included in such *per se* unit invoice prices, the costs of cases and packing and the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, as invoiced, whenever reported as dutiable by the appraiser.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.